# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

CHARLES LEE BROADY, JR., :
:
    Plaintiff, :
v. : CASE NO.: 5:15-CV-303 (LJA-CHW)
:
Warden BRUCE CHATMAN, *et al.*, :
:
    Defendants. :
:

## ORDER

Before the Court is Decedent-Plaintiff's purported next of kin Vivian Spaulding's Motion for Substitution of Plaintiff pursuant to Rule 25. Doc. 44; Fed. R. Civ. P. 25(a). In the Motion, Spaulding represents that "Plaintiff Charles Lee Broady Jr. died on November 15, 2017." Doc. 44 at 1. She further represents that she "attempted to be appointed as the Administrator of the Estate of Charles Lee Broady, Jr. by the Probate Court of Glenn County . . . and was told that without the death certificate she cannot yet qualify" as the administrator. *Id.* at 2. Defendants filed a Response, opposing the substitution, on January 3, 2018. Doc. 44. While Spaulding has filed a "Notice of Intended Filing of Reply," Doc. 46, the Motion is now ripe for review. *See* M.D. Ga. L.R. 7.7 ("[If] the Court may clearly determine from the record before it the relative legal positions of the parties," then a "motion[ ] may be considered . . . immediately after filing.").

"Federal Rule of Civil Procedure 25 allows for substitution in the event that a party dies." *Lizarazo v. Miami-Dade Corr. & Rehab. Dep't*, 2017 WL 6629153, at *1 (11th Cir. Dec. 29, 2017). Rule 25 provides that, if the claim is not extinguished, "the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action . . . must be dismissed." Fed. R. Civ. P. 25(a)(1). "Rule 6(b) permits the court to extend the Rule 25 ninety-day period for good cause with or without motion. Fed. R. Civ. P. 6(b)(1)(A)." *Lizarazo*, 2017 WL 6629153, at *4.

Further, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district." Fed. R. Civ. P. 25(a)(3).

> As a threshold matter, whether the [90-day] deadline begins to run depends upon the existence of a valid suggestion of death on the record. A valid suggestion of death on the record exists where (1) a formal suggestion of death was placed on the record by one with the authority to do so, and (2) the statement of death was properly served pursuant to Rule 25(a)(3).[1]

*Tatum v. City of Americus*, 2013 WL 5890201, at *1 (M.D. Ga. Nov. 1, 2013) (citations and punctuation omitted). "[T]he party that filed the suggestion must serve nonparty successors or representatives of the decedent with the suggestion of death." *McGuinnes v. Novartis Pharm. Corp.*, 289 F.R.D. 360, 362 (M.D. Fla. 2013). "The serving party must undertake a thorough, good faith effort to locate a deceased plaintiff's successor or representative." *Hardy v. Potter*, 2009 WL 765028, at *2 (S.D. Ga. Mar. 23, 2009) (punctuation omitted).

Here, it does not appear that the requirements of Rule 25 have been met, namely: Ms. Spaulding has not shown that she is a proper party, successor, or representative. Further, Defendants' assertion that a suggestion of death was filed on November 16, 2017, is incorrect. On that date, the Court continued this case after being advised by Plaintiff's attorney that Plaintiff had been injured and was under medical care. Given that it appears Plaintiff died prior to the filing of the Motion and that Spaulding has not been appointed as Plaintiff's representative or successor, neither Spaulding nor Plaintiff's attorney had authority to make a formal suggestion of death. *Tatum*, 2013 WL 5890201, at *2. Thus, the Court cannot construe the Motion as a suggestion of death. The earliest document that qualifies as a suggestion of death is Defendant's Response, which states that a notice of death has been filed and does not contest the factual basis for such purported notice. Doc. 45; *Tatum*, 2013 WL 5890201, at *2 ("[W]here the plaintiff or his or her representative dies, it would make

---

[1] The terms "suggestion of death" and "statement noting death" are interchangeable. *Mandarino v. Mandarino*, 257 F.R.D. 394, 395 (S.D.N.Y. 2009); Fed. R. Civ. P. 25 advisory committee's note to 2007 amendment ("The language of Rule 25 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only.").

2

more sense for the *defendant* to make such a filing because doing so would force the plaintiff to move for substitution."). However, there is no proof of service of the Response upon Spaulding or other non-parties as required by Rule 25. Thus, the 90-day deadline for a motion for substitution of parties has not begun to run.

Accordingly, upon due consideration, Spaulding's Motion is premature and is **DENIED without prejudice**. Spaulding's counsel is **DIRECTED** to update the Court every 30 days after this Order as to the status of the appointment of an administrator for the Decedent-Plaintiff's estate. Counsel may file a renewed motion for substitution of plaintiff in the instant matter that complies with Rule 25 upon the appointment of an administrator of Decedent-Plaintiff's estate. Defendants are **DIRECTED** to update the Court **within 30 days** after this Order, showing what efforts have been made to effectuate Rule 25(a) service.

**SO ORDERED**, this 11th day of January, 2018.

/s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**